# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,       Criminal No. 16-173 (DWF)

    Plaintiff,

v.             **MEMORANDUM,**
             **OPINION AND ORDER**

Jesse Edward Montoya Rasmussen,

    Defendant.

## INTRODUCTION

This matter is before the Court upon Petitioner-Defendant Jesse Edward Montoya Rasmussen ("Petitioner-Defendant") Pro Se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Doc. No. 56). The United States of America ("Government") opposes Petitioner-Defendant's § 2255 motion and requests a stay of any further briefing pending the Court's ruling on the Government's motion to dismiss Petitioner-Defendant's § 2255 motion as time-barred under the one-year filing deadline. (Doc. No. 62.)

## BACKGROUND

On May 5, 2017, Petitioner-Defendant entered a plea of guilty to a one-count Felony Information charging him with Aiding and Abetting a Credit Union Robbery in violation of 18 U.S.C. §§ 2 and 2113(a). (Doc. No. 30.) In their Plea Agreement, the Government and Petitioner-Defendant agreed to certain specific offense characteristics,

including a one-level increase because the loss exceeded $20,000.[1]  Without the one-level

increase, it would have been an adjusted offense level 21 and advisory sentence of 70-87

months.  With the one-level adjustment pursuant to the Plea Agreement, the advisory

sentence was 77-96 months.

At the time of sentencing, Petitioner-Defendant requested a sentence of 70 months

and Government's counsel asked for 96 months.  On September 18, 2017, the Court

sentenced the Petitioner-Defendant to 92 months' imprisonment with the sentence to run

concurrent to that of a Hennepin County sentence.  (Doc. No. 47 at 2.)  Petitioner-

Defendant did not appeal.

Significantly, Petitioner-Defendant filed his § 2255 motion to vacate or correct his

sentence on September 20, 2020.   (Doc. No. 56.)  Before the Court is Petitioner-

Defendant's single claim that the loss did not exceed $20,000 and that counsel was

ineffective for failing to argue against the one-level loss amount offense level increase

pursuant to § 2B3.1(b)(7)(B) of the United States Sentencing Guideline ("U.S.S.G.").

## DISCUSSION

**I.      § 2255(f) One-Year Period of Limitation.**

As observed by the Government, pursuant to 28 U.S.C. § 2255, federal custody

remedies on a motion which attacks a sentence state, "[a] 1-year period of limitation shall

apply to a motion under this section."  § 2255(f).

---

[1]      "Loss" means the value of the property taken, damaged, or destroyed.  *See*
U.S.S.G. § 2B3.1(b)(7)(B), Appl. n. 3 (2016).

The time limitation runs from the latest of four specific events:  "(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  § 2255(f)(1)-(4).

As noted above, Petitioner-Defendant's sentencing judgment was entered by the Court on September 8, 2017.  Petitioner-Defendant did not appeal his sentence.  Because the Petitioner-Defendant did not appeal his sentence, his conviction became final upon the expiration of the period for filing a timely notice of appeal namely, 14 days after the entry of judgment.  Fed. R. App. P. 4(b)(1)(A).  Even accounting for weekends and legal holidays as observed by the Government, the Petitioner-Defendant's sentencing judgment became final for appeal purposes on September 22, 2017.  The Petitioner-Defendant then had one year or until September 22, 2018 to file a timely § 2255 motion.  28 U.S.C. § 2255(f)(1).  As noted above, Petitioner-Defendant filed his § 2255 motion on September 28, 2020.  Petitioner-Defendant's § 2255 petition is therefore untimely and barred pursuant to § 2255(f)(1).

Admittedly, there are other alternative deadlines available to Petitioner-Defendant when filing a § 2255 petition.  However, since Petitioner-Defendant does not allege any

unconstitutional or legal government action that prohibited him from seeking relief and does not allege a right "newly recognized" by the Supreme Court and made retroactively applicable to cases on collateral review or newly discovered facts, the one-year statute of limitation applies.  Petitioner-Defendant is clear in alleging that his motion is based on a one-point guidelines enhancement relating to the loss issue.

## II.    Equitable Tolling

To the extent that Petitioner-Defendant seeks equitable tolling, the Court respectfully denies that request.  First of all, the Doctrine of Equitable Tolling can, but only under "extraordinary circumstances," apply to § 2255 motions.  *United States v. Martin,* 408 F.3d 1089, 1092-93 (8th Cir. 2005).  No such circumstance exists on the record before this Court.

In order for equitable tolling to apply and be invoked by the Petitioner-Defendant, there must be some extraordinary circumstances that stood in his way.  *Jihad v. Hvass*, 267 F.3d 803 (8th Cir. 2001).  There is no such circumstance before this Court.

The Government's explanation of the placement of the Petitioner-Defendant in both state and federal facilities is consistent with the record before the Court, so the Court will not repeat it here.  There are no extraordinary circumstances that prevented the Petitioner-Defendant from filing a § 2255.  Consequently, equitable tolling does not apply to his case and his motion is untimely.

## CONCLUSION

The Court feels obligated to make two observations for the benefit of both parties, especially Petitioner-Defendant.  First, since Petitioner-Defendant's sole claim has been

the one-level enhancement issue, the Eighth Circuit has made it clear for some time that ordinary questions of guidelines interpretation do not present a proper § 2255 claim. *Sun Bear* v. *United States*, 644 F.3d 700, 704 (8th Cir. 2011). That is the situation before the Court even without reaching the issue of loss and stating that Petitioner-Defendant is simply erroneous as observed by the Government given the definition of loss (which is the "value of the property, taken, damaged or destroyed"). *See* U.S.S.G. § 2B3.1(b)(7)(B). The fact that money is recovered later does not change the loss amount.

Secondly and more importantly, as the Court mentioned earlier, the advisory guidelines based upon an adjusted offense level of 21 were 70-87 months versus 77-96 months based upon an adjusted offense level of 22. Significantly, the Court would have imposed not less than a 92-month sentence irrespective of whether the advisory guideline range was 70-87 or 77-96 months. Consequently, even though the Court is dismissing Petitioner-Defendant's motion because it is untimely, the Petitioner-Defendant would not have prevailed on the merits even if the Court had reached them in all respects.

Based upon the record before the Court and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

### ORDER

1.      Government's motion to dismiss Petitioner-Defendant's § 2255 motion (Doc. No. [62]) is **GRANTED.**

2.      Petitioner-Defendant's *Pro Se* motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence (Doc. No. [56]) is respectfully **DENIED** as untimely and it is **DISMISSED WITH PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  February 2, 2021                    s/Donovan W. Frank
                                            DONOVAN W. FRANK
                                            United States District Judge

6